UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No. _____
**Kurt Abram Steinbach** )
**Darlene Rose Steinbach** ) [ONLY FOR CHAPTER 13 CASES]
) DEBTOR'S ATTORNEY'S DISCLOSURE
) OF COMPENSATION AND ANY
) EMPLOYMENT AGREEMENT, AND
) APPLICATION FOR COMPENSATION,
Debtor(s) ) UNDER 11 USC §329 AND FRBP 2016(b)

Debtor's attorney discloses compensation paid or to be paid in the above referenced case. Debtor and debtor's attorney have agreed to attorney compensation (i.e., both fees and costs), and ☒ HAVE ☐ HAVE NOT (MARK ONE) entered into an employment agreement. A copy of the employment agreement, if any, is attached hereto.

The applicable schedule for the fee agreement between debtor and debtor's attorney is marked below [MARK ONE SCHEDULE]. If Schedule 1 or Schedule 2 is marked, debtor(s), acting by and through their undersigned counsel, apply to the court for an order authorizing the compensation specialized therein.

A total of $ **100.00** has been paid to me within one year of filing by ☒ debtor ☐ other (specify) ____, and the balance of compensation will be paid through the plan as funds are available.

☐ **SCHEDULE 1:** The total compensation request is $ **0.00** ($4,500 maximum). This amount represents all compensation for the ENTIRE LIFE OF THE CASE except for appeals or any adversary proceeding.

☒ **SCHEDULE 2:** Debtor and debtor's attorney have agreed, regarding all services rendered THROUGH CONFIRMATION OF THE PLAN PLUS THE INITIAL AUDIT OF CLAIMS, upon either (MARK one):
　　☒ (a)　a flat fee (i.e., requiring no itemization) of $ **3,250** ($3,250 maximum); or
　　☐ (b)　an estimated total fee of $___. Time records must be kept for all work performed both "pre" and "post" petition. Such records may be requested by the court at any time, and must show the time and rate applied to each service rendered. If the estimated fee is $3,250 or greater, an itemized statement showing the time and hourly rate applied to each service rendered must be filed with the court not less than one week prior to the final confirmation hearing.

Debtor and debtor's attorney have agreed that post-confirmation services (after the initial audit of claims) will be charged as specified in the attached agreement or, if there is no written agreement, as follows:

☐ **SCHEDULE 3:** [COMPLETE ONLY IF FEE ARRANGEMENT HAS NOT BEEN PREVIOUSLY DISCLOSED - e.g., new or substitute counsel] Debtor and debtor's attorney have agreed to the fee arrangements specified in attached agreement or, if there is no written agreement, as follows:

[If the services specified in a previously submitted Schedule 1 or Schedule 2 (through confirmation and the initial audit of claims) were not completed] The debtor, the debtor's former attorney, and the debtor's current attorney have agreed to the following with respect to the former attorney's fees and will apply for any necessary court order for approval:

**IMPORTANT**:

1. No additional compensation requests will be granted if SCHEDULE 1 is selected, or after a final application is filed if SCHEDULE 2 or SCHEDULE 3 is selected.

2. Supplemental applications for compensation: (a) may only be filed if SCHEDULE 2 or SCHEDULE 3 is selected; (b) will not be considered unless the application is clearly marked as a final compensation application, or unless the supplemental compensation requested is more than $500 AND at least 6 months have expired since the filing of the case or since the filing of any earlier application; AND (c) must be filed using LBF #1307, including an itemization of all services previously performed for which no previous itemization and application has been filed.

I certify there is no agreement to share compensation with any other person, except with a regular member, partner, or associate of my attorney firm, except as follows (provide details): __.

I further certify that on **1/12/11** a copy of this document was served on the debtor(s), trustee, and U.S. Trustee.

DATED:　**1/12/2011**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Brian D. Turner
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Brian D Turner 04013**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Debtor's Attorney

1305 (4/15/09)

# CHAPTER 13 BANKRUPTCY ATTORNEY FEE AGREEMENT

Client(s) name(s): Kurt + Darlene Steinbach    Date: 1/12/2011

1. **Parties**: This agreement is between **Turner Uhlemann PC, dba Cascade Bankruptcy (CBK)**, a "<u>Debt Relief Agency</u>" as defined by the U.S. Bankruptcy Code, and the above named Client(s).

2. **Fees and costs**: All fees are *earned on receipt*. All funds paid to CBK will be applied first to attorney fees, then to Court fees and costs. You have not retained CBK until you have paid a retainer of $100.000. CBK will not file your case until you pay the Court's filing fee of $274. You will pay:
   ___ a. Hourly according to rates under paragraph 7 below; pre-confirmation fees are estimated at $_____
   X   b. Flat Fee of $3250 for all services provided through confirmation and initial audit of claims; hourly at rates under paragraph 7 for all services provided after confirmation.
   ___ c. Flat fee for the life of the chapter 13 plan: your fee will be $_____

3. **Payment of fees**:
   a. <u>Pre-confirmation fees</u>: If the case is dismissed or converted prior to confirmation, you agree that CBK may bill up to the agreed upon flat fee amount if paragraph 2(b) or 2(c) based on hourly rates in paragraph 7.
   b. <u>Funds received by attorney</u>: CBK may endorse checks made to you in CBK's possession including refunds from the Trustee, and may place these funds into CBK's trust account to secure any unpaid fees.
   c. <u>Conversion</u>: CBK does not agree to perform any services related to Chapter 7. CBK will require a separate chapter 7 fee agreement before performing services related to a Chapter 7 case.
   d. <u>Discharge</u>: The Court may not enter a discharge until all approved fees and costs in your case are paid.
   e. <u>Refund of fees</u>: Upon cancellation of services, any funds held in trust, including funds intended to pay filing fees, will be applied first to unpaid attorney fees, then costs.
   f. <u>Itemization of fees</u>: CBK keeps contemporaneous time records on all actions related to your case, recorded in minimum increments of .1 hour and will provide an itemization upon request.

4. **Limitations of representation**:
   a. <u>Bankruptcy representation</u>: CBK agrees to represent you in U.S. Bankruptcy Court under Chapter 13 only.
   b. <u>No outcome guarantees</u>: The advice provided throughout your case is based on the representations you make to CBK in light of the law as interpreted at the time the advice is rendered. In the event that your situation changes or the documents provided indicate a deviation from your prior representations, our advice may change. Changes to the Bankruptcy Code, or the interpretation thereof subsequent to the date of this agreement may also affect CBK's advice. CBK makes no guarantees regarding any aspect of your case, including the minimum length of your plan, monthly plan payment or feasibility of your plan.

5. **Costs Associated with Filing**: You are responsible for all costs incurred in your case including but not limited to: court fees, credit reports, appraisals, debtor education, or production of documents.

6. **Expiration of Contract and Cancellation of services**: If the case is not filed by _____, or you cancel services, CBK may close your file and bill for hourly services at the rates provided in paragraph 7. Cancellation prior to filing your case constitutes a breach of the flat fee agreement. You agree to pay fees at rates specified in paragraph 7 for time expended on your case up to the amount of the flat fee (if applicable) under paragraph 2.

7. **Hourly Rates**: CBK's hourly rates in chapter 13 are as follows: Brian Turner (attorney): $250/hour; Erin Uhlemann (attorney): $250/hour; Associate Attorneys: $200/hour; Non-Attorney Staff: $75/hour.

_[signature]_ 01/12/2011             _[signature]_ 1/12/11
**Signature**   **Date**               **Signature (Spouse)**   **Date**